UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRAIDEL FRIED,

                  Plaintiff,

   - against -

JPMORGAN CHASE BANK;
EQUIFAX INFORMATION SERVICES, LLC;
EXPERIAN INFORMATION SOLUTIONS, INC.,

                  Defendants.

Case No. 7:23-cv-03115-NSR-JCM

STIPULATED PROTECTIVE ORDER

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.     Counsel for any party or non-party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2.     The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3.     In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the

absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "CONFIDENTIAL" subject to the provisions of this Protective Order.

4.      Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

a.      Parties to this litigation and their counsel, including in-house counsel;

b.      Employees of such counsel assigned to and necessary to assist in the litigation;

c.      Present or former employees of the party that produced the document(s) in connection with their depositions in this action, provided that no former employees shall be shown documents prepared after the date of his or her departure;

d.      Fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information;

e.      Consultants or experts retained in connection with this litigation; and

f.      The Court and its officers (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

The parties agree to meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

      5.     Prior to disclosing or displaying the Confidential Information to any person, counsel must:

          a.     Inform the person of the confidential nature of the information or documents;

          b.     Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

          c.     With respect to any person designated in subparagraph 4(e), require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

      6.     The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

      7.     Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing party from asserting legal claims or

constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8.      Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9.      Any documents produced in discovery, answers to interrogatories, deposition transcripts, or other documents which are filed with the Court for any purpose and which are designed "Confidential" or which reveal Confidential Information shall be filed under seal, and shall indicate "DO NOT FILE WITH PACER".  For requests to file information under seal, the parties shall follow the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions.

10.      At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or, upon permission of the producing party, destroyed.

11.      Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

12. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

**SO STIPULATED AND AGREED.**

Dated: November 8, 2023
White Plains, New York

TURCOTTE LAW, P.C.

By:   /s/Christopher B. Turcotte
        Christopher B. Turcotte
575 Madison Avenue, Suite 1006
New York, New York 10022
(212) 937-8499
*Attorneys for Defendant JPMorgan Chase*

SEYFARTH SHAW LLP

By    /s/ Dustin P. Mansoor
        Dustin P. Mansoor
620 Eighth Avenue
New York, New York 10018
(212) 218-5500
*Counsel for Defendant Equifax
Information Services, LLC*

ZEMEL LAW, LLC

By:   /s/Daniel Zemel
        Daniel Zemel
400 Sylvan Ave., Suite 200
Englewood Cliffs, New Jersey 07632
(862) 227-3106
*Attorneys for Plaintiff*

JONES DAY

By:   /s/Brett M. Weinstein
        Brett M. Weinstein
250 Vesey Street
New York, NY 10281
(212) 326-7854
*Counsel for Defendant Experian
Information Solutions, Inc.*

SO ORDERED.

_Judith C. McCarthy_   11-8-23
JUDITH C. McCARTHY
United States Magistrate Judge

- 5 -

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRAIDEL FRIED,

                Plaintiff,

   - against -

JPMORGAN CHASE BANK;
EQUIFAX INFORMATION SERVICES, LLC;
EXPERIAN INFORMATION SOLUTIONS, INC.,

               Defendants.

Case No. 7:23-cv-03115-NSR-JCM

NON-DISCLOSURE AGREEMENT

     I,_____, acknowledge that I have read and understand the

Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of those

portions of discovery material that have been designated as Confidential.  I agree that I will not

disclose such material to anyone other than for purposes of this litigation, and that at the conclusion

of the litigation I will either return all discovery material to the party or attorney from

whom I received it, or upon permission of the producing party, destroy such discovery material. By

acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I

understand that I am submitting myself to the jurisdiction of the United States District Court for the

Southern District of New York for the purpose of any issue or dispute arising hereunder and that

my willful violation of any term of the Protective Order could subject me to punishment for

contempt of Court.

     Dated:_____, 20_

_____       _____
Name (printed)                      Signature

Signed in the presence of:

_____
(Attorney)